J-S49007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES LEROY THOMAS :
:
Appellant : No. 278 MDA 2018

Appeal from the PCRA Order January 22, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0002044-2013

BEFORE: SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 21, 2018**

James Leroy Thomas ("Appellant") appeals *pro se* from the order

denying his petition for relief filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.

The PCRA court summarized the history of this case as follows:

On October 15, 2013, [Appellant] was charged with one
count each of Incest, Incest of a Minor, Corruption of Minors –
Complainant 13–18 Years, Encouraging Prostitution, Promoting
Prostitution of [a] Minor, and Corruption of [a] Minor[1] based on
allegations that from February 2009 to July 2013, [Appellant]
engaged in sexual contact with his biological daughter. On
February 17, 2014, [Appellant] pled guilty to one count of Incest
of a Minor.

On August 7, 2014, [Appellant] was sentenced to 120 to
240 months incarceration pursuant to his plea agreement. That
same day, the [c]ourt conducted a sexually violent predator

---

[1] 18 Pa.C.S. §§ 4302(a), 4302(b)(2), 6301(a)(1)(ii), 5902(b)(3), 5902(b.13),
and 6301(a)(1)(i), respectively.

---

* Former Justice specially assigned to the Superior Court.

hearing and determined that [Appellant] met the definition of a sexually violent predator. Having been convicted of a Tier III sexual offense and been identified as a sexually violent predator, the [c]ourt also ordered lifetime registration pursuant to 42 Pa. C.S.A. §9799.15(3). [Appellant did not file a direct appeal.]

[On] October 26, 2017, [Appellant] filed a Petition for Writ of Habeas Corpus. [Generally,] motions filed after a defendant's sentence becomes final must be treated as Petitions for Post-Conviction Collateral Relief, and [Appellant's] judgment became final on September 8, 2014. Therefore, this [c]ourt issued an Order on October 27, 2017, explaining its treatment of [Appellant's] Habeas Corpus Petition as [Appellant's] First PCRA Petition and appointed Michael Palermo, Esq. as counsel. Attorney Palermo filed a Turner Finley[2] Letter and Request to Withdraw as Counsel on December 13, 2017. On January 9, 2018, the [c]ourt issued an Order and Opinion notifying [Appellant] of the [c]ourt's intent to dismiss his First PCRA Petition without a hearing [and granting counsel's request to withdraw].

On January 22, 2018, the [c]ourt received a Response to the [c]ourt's Notice of Intent to Dismiss in the form of Objections. These Objections were mailed to the [c]ourt, but improperly mailed by [Appellant] to the Fulton County Clerk instead of the Franklin County Clerk. Therefore, on January 22, 2018, this [c]ourt issued an Order making [Appellant's] Objections part of the record. The [c]ourt also issued a separate Order on that date, which stated that [Appellant's] Objections did not raise a meritorious argument to prevent the [c]ourt's dismissal of his First PCRA Petition. Therefore, the [c]ourt issued an Order dismissing [Appellant's] First PCRA Petition on January 22, 2018.

On February 5, 2018, [Appellant] filed a timely Notice of Appeal of this [c]ourt's January 22, 2018 Order dismissing his First PCRA Petition. On February 7, 2018, the [c]ourt issued an Order directing [Appellant] to file a Statement of Errors Complained of on Appeal. [Appellant] filed a Concise Statement of Errors Complained of on Appeal on February 20, 2018.

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[Appellant] filed a subsequent Request for Transcripts on February 23, 2018, requesting transcripts of his Guilty Plea hearing on February 17, 2014, and his Sentencing/SVP hearing on August 7, 2014. The transcript for the Sentencing/SVP hearing was already made part of the record on December 27, 2017. Therefore, on February 23, 2018, this [c]ourt issued an Order granting [Appellant's] request to produce transcripts of his Guilty Plea hearing.

PCRA Court Opinion, 3/16/18, at 1–3 (original footnotes omitted).

Appellant presents a single question for our consideration, which we set forth verbatim: "DID the PCRA Court Committed an error of law by not granting the requested relief where by not doing so violated appellants Due Process and Equal Protections to Reputation?" Appellant's Brief at vi. Specifically, Appellant argues that his sentence is illegal because he was sentenced under the Sexual Offender Registration and Notification Act ("SORNA I"), 42 Pa.C.S. §§ 99799.10–9799.41, which the Pennsylvania Supreme Court declared unconstitutional in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). Appellant's Brief at ix.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.*

Appellant presents thirty-nine pages of research on the legislative and judicial history of SORNA, the constitutional rights of due process and equal protection, and recent decisions affecting the designation of sexually violent

predators. Appellant's Brief at 1–39. Initially, however, we must address the PCRA court's ruling that Appellant's petition was untimely and, therefore, the PCRA court lacked jurisdiction to consider its claims. PCRA Court Order and Opinion, 1/9/18, at 4.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Appellant's judgment of sentence became final on September 8, 2014,[3] thirty days after sentencing when the time for filing a direct appeal expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Therefore, Appellant had to file the current PCRA petition in this matter by September 8, 2015, in order for it

_____

[3] Because the thirtieth day of the appeal period ended on Saturday, September 6, 2014, Appellant had until Monday, September 8, 2014, to file a direct appeal. *See* 1 Pa.C.S. § 1908 (providing that when the last day of a calculated period of time falls on a Saturday or Sunday, such days shall be omitted from the computation).

to be timely. Appellant filed the instant PCRA petition on October 26, 2017. Consequently, it is patently untimely.

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[4] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Commonwealth v. Ward-Green**, 141 A.3d 527, 532 (Pa. Super. 2016). This is true despite the fact that Appellant's petition

---

[4] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

presents a challenge to the legality of his sentence. *See Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Here, although Appellant has not pled a timeliness exception, his reliance on *Muniz* suggests that he is attempting to assert the exception provided in Section 9545(b)(1)(iii) for a newly-recognized constitutional right. Nonetheless, like the PCRA court, we conclude that Appellant's petition is untimely.

We acknowledge that *Muniz* created a substantive rule that applies in the collateral context. *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera–Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* established a newly recognized constitutional right that applies retroactively in order to satisfy Section 9545(b)(1)(iii). *See Commonwealth v. Murphy*, 180 A.3d 402, 405–406 (Pa. Super. 2018) (explaining that appellant who files untimely petition must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* established a newly-recognized constitutional right that applies retroactively). Our Supreme Court has not issued such a holding;

therefore, Appellant cannot rely on **Muniz** to meet that timeliness exception.[5]

Thus, the PCRA court did not err in dismissing Appellant's untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/21/2018

---

[5] "Certainly, if the Pennsylvania Supreme Court issues a decision holding that Muniz applies retroactively, Appellant can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii)." **Murphy**, 180 A.3d at 406 n.1.